IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE M. LARA,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>SANTA CLARA COUNTY JAIL, et al.,<br><br>　　　　　Defendant(s). | No. C 04-4745 CRB (PR)<br><br>ORDER GRANTING<br>MOTION TO DISMISS<br><br>(Doc # 15) |

　　　　Plaintiff, a former state prisoner, filed a pro se First Amended Complaint ("FAC") for damages under 42 U.S.C. § 1983 alleging that, shortly after he arrived at the Santa Clara County Jail to attend a parole revocation hearing, jail correctional officers Jacquez and Duran physically assaulted him without justification and, along with correctional officer Gardner, filed false disciplinary charges against him.

　　　　Per order filed on October 3, 2005, the court found that plaintiff's allegations that Jacquez and Duran assaulted him without justification stated a cognizable claim for damages under § 1983, when liberally construed, and ordered the United States Marshal to serve them. The court dismissed plaintiff's other allegations and named defendants under the authority of 28 U.S.C. § 1915A(b).

Defendants now move for summary judgment on the ground that plaintiff did not exhaust available administrative remedies under 42 U.S.C. § 1997e(a) before he filed suit. Plaintiff did not file an opposition.

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v Churner, 532 US 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

Nonexhaustion under § 1997e(a) is an affirmative defense. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." Id. (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has not exhausted the appropriate administrative process, the proper remedy is dismissal without prejudice. Id.

2

Here, defendants raise nonexhaustion in a motion for summary judgment and argue that plaintiff's prisoner action should be dismissed because plaintiff failed to exhaust the administrative grievance process of the Santa Clara County Department of Corrections despite being given specific instructions on how to do so.  They submit evidence showing that a review of the jail's administrative grievance process records reveals that plaintiff did not file any administrative grievances or appeal regarding this matter.  Defendants' motion (doc # 15) is construed as an unenumerated Rule 12(b) motion to dismiss and GRANTED. Despite being advise to "'develop a record' and present it in your opposition in order to dispute any 'factual record' presented by the defendants in their motion to dismiss," Oct. 3, 2005 Order at 4 (quoting Wyatt, 315 F.3d at 1120 n.14), plaintiff has submitted no opposition or evidence showing that he satisfied the exhaustion requirement of § 1997e(a).

For the foregoing reasons, defendants' motion to dismiss for failure to exhaust administrative remedies (doc # 15) is GRANTED and the action is DISMISSED without prejudice.

The clerk shall enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED:  April 27, 2006

CHARLES R. BREYER
United States District Judge

3